IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE HOGAN,

        Plaintiff,

  v.

SAND RIDGE SECURE TREATMENT CENTER,
DEBORAH McCULLOCH, MITHCELL LENSKI,
STEVE SCHNIEDER, SHAVONNE WILLKONS,
ERIC SWIATY, MICHEAL D. ZILLSCH,
ANDREW F. ZOBAL and JOHN AND JANE DOES,

        Defendants.

ORDER

13-cv-557-bbc

---

This case was transferred from the Eastern District of Wisconsin, where plaintiff Willie Hogan, a patient at the Sand Ridge Secure Treatment Center, filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff also submitted a petition and affidavit to proceed without prepayment of fees and costs.

This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States*, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to

waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

In his affidavit, plaintiff indicates that he is not employed by the institution and that he does not have any cash, checking, savings or other accounts. Plaintiff will have to provide a copy of his six-month resident account statement if he intends to pursue his request for leave to proceed *in forma pauperis.* Because plaintiff's complaint was submitted on July 25, 2013, his resident account statement should cover the period beginning approximately February 1, 2013 and ending approximately August 1, 2013. If plaintiff fails to submit the required statement within the deadline set below, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff Willie Hogan may have until September 10, 2013, in which to submit a certified copy of his resident account statement beginning approximately February 1, 2013 and ending approximately August 1, 2013. If, by September 10, 2013, plaintiff fails to submit the required statement or show cause of his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

Entered this 21st day of August, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

2